UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGELO D. JOHNSON, et al.,

                                                                  Plaintiff,

                                                                   Case # 20-CV-6481-FPG

v.

                                                                   DECISION AND ORDER

SUPERINTENDENT TOMAS TUCKER, et al.,

                                               Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff, Angelo D. Johnson, is confined at the Five Points Correctional Facility ("Five Points"). He filed an Amended Complaint asserting claims of inadequate medical care under 42 U.S.C. § 1983. ECF No. 7. Plaintiff also moved for a preliminary injunction and temporary restraining order, and the Court directed the Defendants to respond. ECF Nos. 7–9. Defendants timely filed a response, ECF No. 10, and Plaintiff filed a reply, ECF No. 11. For the reasons that follow, Plaintiff's motion for injunctive relief is denied.

## DISCUSSION

In general, a district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party. *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989). "Where the moving party seeks to stay government action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a

likelihood that he will succeed on the merits of his claim." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008); *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996).

"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter.'" *Distrib. Sys. of Am., Inc. v. Vill. of Old Westbury*, 785 F. Supp. 347, 352 (E.D.N.Y. 1992) (quoting *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990)). The mere possibility of harm is insufficient to justify granting a preliminary injunction. *See Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991); *Distrib. Sys. of Am.*, 785 F. Supp. at 352; *Costello v. McEnery*, 767 F. Supp. 72, 76 (S.D.N.Y. 1991). To satisfy the irreparable harm requirement, a movant generally must show that he or she is "likely to suffer irreparable injury if the injunction is not granted," *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999), and that the harm is "not remote and speculative" but rather "actual and imminent." *State of New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 755 (2d Cir. 1977).

Plaintiff asks for emergency dental treatment for his tooth, correct prescription contact lenses, and medical treatment for his sinus infection and shoulder, including an MRI or x-rays. ECF No. 7 at 27–28. "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). This standard incorporates both objective and subjective elements. The objective "medical need" element measures the severity of the alleged deprivation, while the subjective "deliberate indifference" element ensures that the defendant acted with a sufficiently culpable state of mind. *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the

unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000) (quoting *Chance*, 143 F.3d at 702 (internal quotation marks omitted)).

A plaintiff must also adequately allege that the defendant had actual knowledge of his serious medical needs but was deliberately indifferent to it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003). "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation." *Smith*, 316 F.2d at 184. "In most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm." *Id.* at 187.

The declaration of J. Richard Benitez, submitted by Defendants in response to Plaintiff's motion for injunctive relief, indicates that Plaintiff is receiving ongoing medical care and treatment. ECF No. 10. It states that Plaintiff had eight appointments with the Nurse Practitioner ("NP") since July 9, 2020; had numerous sick and emergency sick calls; was placed on the waiting list for oral surgery, and is currently number thirty-six; was given a prescription for glasses on July 17, 2020; was given a cane to relive pain in his right knee on July 9, 2020; had an x-ray of his sinuses on November 11, 2020, which showed them "clear and without any inflammatory changes"; received steroid injections (which were delayed due to the COVID-19 pandemic) in his right knee and left shoulder on November 24, 2020; and will have physical therapy for his right knee and left shoulder in the "near future." *Id.* at 1–4. Plaintiff disputes some of these facts, stating that he was seen four times, not eight, by the NP, that he has not moved up the wait list for oral surgery since March, and that Defendants have used COVID-19 as a pretext for depriving him of emergency dental treatment. ECF No. 11 at 1–3. Plaintiff also realleges that he "gets absolutely no

3

relief [at] all from the excruciating paint that [D]efendants continu[e] to maliciously subject [him] to." *Id*. at 4.

The Court finds no basis to grant the relief sought by Plaintiff. Plaintiff has not established either a likelihood of success on the merits and irreparable injury or serious questions going to the merits with the balance of hardships tipping decidedly in his favor. The Court notes that the claim Plaintiff is receiving insufficient treatment may be no more than a disagreement over the type of treatment he is currently receiving due to unfortunate delays in light of the COVID-19 pandemic. *See Chance*, 143 F.3d at 703 ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Plaintiff's conclusory allegations that the Defendants are lying or using the COVID-19 pandemic as a pretext to deny him medical treatment are insufficient to support a request for a preliminary injunction and temporary restraining order. Accordingly, Plaintiff's motion for injunctive relief is denied.

## ORDER

IT HEREBY IS ORDERED that Plaintiff's motion for a preliminary injunction and temporary restraining order, ECF Nos. 7, 8, is DENIED;

FURTHER, that Defendants are directed to answer the Amended Complaint within the time limit specified by the Court's Order dated November 2, 2020, ECF No. 9, or to the extent that time limit has expired, as soon as practical;

FURTHER, that the Clerk of Court is directed to forward a copy of this Order, the Amended Complaint, ECF No. 7, and the Court's Order dated November 2, 2020, ECF No. 9, by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office Ted.OBrien@ag.ny.gov; and

FURTHER, that the New York State Attorney General's Office is directed to produce the information specified in the Court's Order dated November 2, 2020, ECF No. 9, regarding Defendant Registered Nurses 407, 424, and 450 within **fourteen days** of the date of this Order.

IT IS SO ORDERED.

Dated: January 25, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court