UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANGELO D. JOHNSON,

                                        Plaintiff,                    Case # 20-CV-6481-FPG

v.
                                                                      ORDER

SUPERINTENDENT TOMAS TUCKER, et al.,

                                        Defendant.

Plaintiff brought this case against Defendant on July 7, 2020.  ECF No. 1.  Defendants were served in July 2021, ECF No. 24, they answered, ECF No. 25, and Magistrate Judge Mark W. Pedersen issued a discovery scheduling order, ECF No. 29.

In June 2022, Plaintiff filed a "motion for assistance litigating case" and updated his mailing address.  ECF No. 34.  Judge Pedersen set a telephone conference to discuss Plaintiff's motion, but the notice setting the conference was returned as undeliverable to Plaintiff, and Plaintiff failed to appear for the conference.  ECF No. 38.  Judge Pedersen wrote to Plaintiff regarding his missed appearance and rescheduled the telephone conference, ECF No. 39, but again the mail was returned as undeliverable and Plaintiff failed to appear for the telephone conference. Judge Pedersen tried various other methods of reaching Plaintiff, to no avail.  *See* 49.

Judge Pedersen again rescheduled the telephone conference and, on August 30, 2022, issued an Order to Show Cause why the case should not be dismissed for failure to prosecute.  ECF No. 44.  The Order to Show Cause was again returned as undeliverable, ECF No. 46, and Plaintiff failed to appear for the scheduled show cause hearing, ECF No. 47.  Accordingly, on October 11, 2022, Judge Pedersen issued a Report and Recommendation ("R&R"), recommending that Plaintiff's case be dismissed for failure to prosecute.  ECF No. 49.  In the R&R, Judge Pedersen explained that he and opposing counsel tried various methods to reach Plaintiff—even calling the

hospital that was his last known address—all to no avail.  Plaintiff did not object to or otherwise respond to the R&R.

If a civil case has been pending for over six months and a party "is not in compliance with the directions of the Judge or a Magistrate Judge," Local Rule of Civil Procedure 41(b) authorizes the Court to "issue a written order to the parties to show cause within thirty days why the case should not be dismissed for failure to . . . prosecute."  Loc. R. Civ. P. 41(b).  The parties must "respond to the order by filing sworn affidavits explaining in detail why the action should not be dismissed."  *Id.*  "If the parties fail to respond, the Judge may issue an order dismissing the case, or imposing sanctions, or issuing such further directives as justice requires."  *Id.*

Similarly, Local Rule of Civil Procedure 5.2(d) states that "[t]he Court must have a current address at all times.  Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address.  Failure to do so may result in dismissal of the case, with prejudice."  Local R. Civ. P. 5.2(d).

Here, Plaintiff has failed to provide the Court with a current address, he is not in compliance with Judge Pedersen's orders, and he has failed to respond to the Order to Show Cause.  Accordingly, the Court ADOPTS IN FULL Judge Pedersen's R&R, ECF No. 49, and DISMISSES the Amended Complaint.

IT IS SO ORDERED.

Dated:  November 1, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York